UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.

MARK D. FRIEDMAN,

          Defendant.
_____

02-CR-48-A

NOTICE OF MOTION

| | |
|---|---|
| **MOTION BY:** | Kimberly A. Schechter, Federal Defender, Attorney for Defendant. |
| **DATE, TIME & PLACE:** | Before the Honorable Richard J. Arcara, Chief United States District Judge, United States Courthouse, 68 Court Street, Buffalo, New York, **on a date to be set by the Court.** |
| **SUPPORTING PAPERS:** | Affirmation of Kimberly A. Schechter, dated November 4, 2005. |
| **RELIEF REQUESTED:** | Reconsideration of sentencing. |
| **DATED:** | Buffalo, New York, November 4, 2005. |

                                                            **/s/ Kimberly A. Schechter**
                                                             Kimberly A. Schechter
                                                             Assistant Federal Defender
                                                             Office of the Federal Public Defender
                                                             300 Pearl Street, Suite 450
                                                             Buffalo, New York 14202
                                                             (716) 551-3341, (716) 551-3346
                                                             kimberly_schechter@fd.org.
                                                             Attorney for Defendant Mark D. Friedman

**To:**    Martin J. Littlefield
          Assistant United States Attorney

          Kathleen A. Horvatits
          U. S. Probation Officer

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 02-CR-48-A |
| v. | **DEFENDANT'S MEMORANDUM REQUESTING RESENTENCING** |
| MARK D. FRIEDMAN, | **AND REQUESTING A SENTENCE BELOW THE ADVISORY** |
| Defendant. | **GUIDELINE RANGE** |

_____

**I.    INTRODUCTION**

This case returns to the Court on remand from the Second Circuit in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and the Circuit's decision <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005).

When the Court sentenced Mr. Friedman in March 2004, the Court did *not* have the authority to impose a non-Guidelines sentence under 18 U.S.C. § 3553(a), and the Court did *not* consider imposing such a sentence. Instead, the Court imposed a sentence of 81 months - near the low end of the applicable sentencing range (78-97 months). And what is more, in March 2004, the Court *could not* consider factors that are now relevant generally and are relevant to Mr. Friedman – his lack of a prior criminal record generally, as well as a lack of any pattern of conduct involving minors, and the disparate treatment of similarly situated offenders in the state system. But now, the Court has the authority to do so and should do so at a full resentencing. A sentence outside the guideline range would be sufficient to meet the purposes of sentencing at 18 U.S.C. § 3553(a)(2), as required by the first sentence of 18 U.S.C. § 3553(a). Therefore, the Court should resentence Mr. Friedman.

-2-

## II.   STATEMENT OF THE CASE

Mr. Friedman was sentenced following his conviction after a jury trial on two counts of a Superseding Indictment which charged him with (1) using the Internet and telephone to communicate with a 14-year-old female, to entice her to engage in sexual activity for which the defendant could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b); and (2) traveling in interstate commerce from New Jersey to Cheektowaga, New York, for the purpose of engaging in sexual activity with a 14-year old female, in violation of 18 U.S.C. § 2423(b).[1]

Following his conviction, a Presentence Investigation Report (PSR) was prepared recommending a base offense level of 24 pursuant to USSG §2A3.2(a)(B)(ii), a 2 level upward enhancement because the defendant knowingly misrepresented his age to persuade or entice the victim to engage in prohibited sexual conduct (§2A3.2(b)(2)(A)(I)); and a 2 level upward adjustment since the defendant used the Internet to entice the victim to engage in prohibited sexual conduct (§2A3.2(b)(3)(A)).   Based on a total offense level of 28 and a criminal history category of I, the guideline imprisonment range was 78 to 97 months.

## III.   THIS COURT SHOULD RESENTENCE MR. FRIEDMAN AND TAKE INTO ACCOUNT 18 USC § 3553(a) FACTORS WHICH IT WAS NOT PERMITTED TO DO AT THE FIRST SENTENCING.

### A. Resentencing is Appropriate

As a threshold matter, the decision whether to resentence is necessitated because the Court must determine whether the Sixth Amendment error that occurred at the original

---

[1] Mr. Friedman was acquitted of Count III which charged him with using the Internet and telephone to contact a 15-year old female to entice her to engage in sexual activity for which the defendant could be charged with a criminal offense in violation of 18 U.S.C. § 2422(b).

sentencing is harmless or not.  Any decision not to resentence – i.e. a finding that the sentence would be the same – is one that we do not think can be lightly made, nor should it be made outside of a full resentencing.  That is because the nature of sentencing is to have a full and complete opportunity to consider all possible considerations, including the views of counsel, the Probation Office, the responses by counsel to questions from the Court, the response by the defendant to questions from the Court, and numerous other considerations that cannot neatly be put down on paper.  Many of those considerations would be absent from a decision not to resentence outside of a full resentencing.

Evaluation of the now-pertinent considerations (application of 18 U.S.C. § 3553(a) factors) never took place at the original sentencing; thus, the only way the Court can *really* determine whether the sentence would be the same or less would be to consider all of those factors – something that should take place in the context of resentencing.

Resentencing is also necessitated for the reasons set forth below.  Importantly, we firmly believe that the Court would have considered a sentence below the then-mandatory Guideline range at the original sentencing proceeding had it had the power to do so.  The Court's own comments, at a minimum, suggest that that would have been a possibility.[2]  Given that, and that the sentence could have been different, consideration of a lesser sentence is warranted and the Court should hold a full resentencing.

---

[2] The Court noted the "number has come in pretty high, there's no question about it, that the offense level range is high."

**B.   The Court should conduct a full resentencing to account for the factors that were not taken into account at the original sentencing (including the factors at 18 U.S.C. § 3553(a))**

Absent at the original sentencing was any consideration of the 18 U.S.C. § 3553(a) factors and what sentence they required, including whether a sentence below the Guideline range was appropriate based on those factors.  Given this, the decision to resentence necessarily *must* take into account the 18 U.S.C. § 3553(a) factors – whether they supported a lesser sentence, whether the Court would have imposed a lesser sentence, and the like – factors which necessarily were not taken into account in setting the original sentence.

The only way this decision can meaningfully be made, we believe, is at a full resentencing, given that these factors were not considered at the original sentencing.  To use the actual sentence previously imposed as the touchstone for deciding whether or not to resentence is fatally flawed, we believe, because that original decision did not encompass the considerations that now have to be made.

**1.   Mr. Friedman's Lack of Criminal History**

At the original sentencing, Mr. Friedman sought a downward departure on the basis that his criminal history category was "over-represented" by a criminal history category of I.  Although the Court denied the requested departure at the original sentencing, Mr. Friedman's lack of a criminal history, and more significantly his lack of any offenses involving minors, is a factor under 18 U.S.C. § 3553(a) which this Court must consider in imposing a sentence.

Importantly, the fact that the Court believed that a downward departure was not appropriate *does not* preclude resentencing or a non-Guideline sentence. The standard for a downward departure based on over-representation of a criminal history is entirely different than the standard for consideration of the appropriate sentence under 18 U.S.C. § 3553(a). The Court can impose a non-Guideline sentence even though a departure is not appropriate, as long as such a sentence serves and is appropriate under the 18 U.S.C. § 3553(a) factors. In fact, the Court *has* to consider the 18 U.S.C. § 3553(a) factors in every sentencing, and is *required* to do it here, even in considering whether to resentence. It only makes sense that this consideration take place at a resentencing.

### 2.     Disparate Treatment of Offenders in the State System

Pre-Booker, Mr. Friedman was precluded from arguing federal/state sentencing disparity as a basis for a downward departure. See United States v. Minicone, 25 F.3d 297, 302 (2d Cir. 1994); see also, United States v. Haynes, 985 F.2d 65, 70 (2d Cir. 1993). However, post-*Booker*, federal courts have recognized § 3553(a) encompasses such disparities. See e.g., United States v. Moreland, 366 F. Supp.2d 416, 422, 23 and fn. 2 (S.D.W.V. 2005) (examining the disparity between federal and state sentences for the same conduct), and United States v. Rodriguez, 2005 WL 1319259 (N.D. Nebraska 2005) (the court considered her likely sentence for the same conduct in state court). Moreover, Section 3553(a)(6) does not limit the disparity issue to only federal cases.

And to be sure, there is most certainly disparity between the federal exposure and the state exposure for the same conduct. Under New York State law, Mr. Friedman's conduct, as

AO 72A
(Rev. 8/82)

described by Brandi Schlack, most closely mirrors that of Sexual Abuse in the Third Degree, NYS Penal Law §130.55, which provides:

> A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact[3] without the latter's consent; except that in any prosecution under this section, it is an affirmative defense that
> (a)   such other person's lack of consent was due solely to incapacity to consent by reason of being less than seventeen years old, and
> (b)   such other person was more than fourteen years old, and
> (c)   the defendant was less than five years older than such other person.
>
> Sexual abuse in the third degree is a **class B misdemeanor**.

Under NYS Penal Law § 70.15, a sentence of imprisonment for a class B misdemeanor shall be a definite sentence and shall not exceed three months. Indeed, even if charged under NYS Penal Law § 130.60 (Sexual Abuse in the Second Degree for sexual contact with minors less than 14 years of age), the offense is a Class A misdemeanor subject to no more than one year in prison.[4] Since the Court can consider comparable state sentences, it is encouraged to do so here. In this light, a sentence outside the federal sentencing guideline range seems appropriate.

---

[3] Sexual contact is defined at NYS Penal Law § 130.00 as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing."

[4] This was the first of three offenses alleged in the Superseding Indictment. The trial testimony did not support the other two, namely NYS Penal Law § 130.55 (sodomy in the third degree); and § 130.25(2) (rape in the third degree). However, even under these more severe crimes, both of which are class E felonies, the state sentence exposure is significantly less for a first time offender: to wit, a maximum of four years. See NYS Penal Law § 70.00(2)(e).

### 3. Mr. Friedman's Conduct Post-Sentencing

Since his sentencing and commitment to the custody of the Bureau of Prisons, Mr. Friedman has been a model prisoner. He has availed himself of the educational opportunities offered by the Bureau of Prisons and is taking college credits on his way toward earning a degree in business/marketing. In addition, Mr. Friedman has taught classes in French and German for other inmates. His good behavior is another factor which this Court should consider upon resentencing.

### IV. OBJECTIONS TO THE USE OF FACTS NOT PLEAD AND PROVEN BEYOND A REASONABLE DOUBT TO INCREASE MR. FRIEDMAN'S SENTENCING GUIDELINE RANGE

Mr. Friedman objects to the use of facts not plead and proven to his trial jury as a basis for enhancing his sentencing calculations under the guidelines. As the Supreme Court made clear in Booker, a sentencing judge may not increase a defendant's sentence on the basis of facts not plead or proven to a jury beyond a reasonable doubt. Although the remedial opinion in Booker suggests that this constitutional dilemma is resolved with the elimination of the mandatory nature of the guidelines, the remedial decision was reached by a narrow 5 - 4 majority of the Court. With the upcoming changes to the Supreme Court, the remedial dissenting opinion calling for sentencing enhancements to be plead and proven to a jury beyond a reasonable doubt needs to be re-examined.

Based on the facts plead in the Indictment, and proven to the jury beyond a reasonable doubt, Mr. Friedman's base offense level would be 21. At a criminal history category of I his sentencing range would be 37 to 46 months.

**V.     CONCLUSION**

After oral argument on the issue of whether to resentence, the Court should schedule resentencing and with Mr. Friedman present, sentence him to a non-Guideline sentence.


**DATED:**     Buffalo, New York, November 4, 2005.

> Respectfully submitted,
>
> **/s/ Kimberly A. Schechter**
> Assistant Federal Public Defender
> Western District of New York
> 300 Pearl St., Suite 450
> Buffalo, NY 14202
> (716) 551-3341, (716) 551-3346 FAX
> kimberly_schechter@fd.org
> Counsel for Defendant Mark Friedman

To:   Martin J. Littlefield
      Assistant United States Attorney
      Western District of New York
      138 Delaware Avenue, Federal Centre
      Buffalo, New York 14202

      Kathleen A. Horvatits
      U. S. Probation Officer
      U. S. Probation Department
      234 U. S. Courthouse
      68 Court Street
      Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                    02-CR-48-A

       v.

MARK FRIEDMAN,

       Defendant.
_____

## CERTIFICATE OF SERVICE

       I hereby certify that on **November 4, 2005**, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    1.    Martin J. Littlefield
          Assistant United States Attorney
          Western District of New York
          138 Delaware Avenue, Federal Centre
          Buffalo, New York 14202

       And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

    1.    Kathleen A. Horvatits
          U.S. Probation Officer
          404 U.S. Courthouse
          68 Court Street
          Buffalo, New York  14202

                                                **/s/Joanne Sabatino**
                                                Joanne Sabatino
                                                Federal Public Defender's Office

AO 72A
(Rev. 8/82)