IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

MARK FRIEDMAN,

                02-CR-048-A

          Defendant.

---

## GOVERNMENT RESPONSE TO DEFENDANT'S RESENTENCING MOTION

The United States of America by Assistant United States Attorney Martin J. Littlefield hereby acknowledges receipt of a Notice of Motion and Motion dated November 4, 2005, seeking this Court's reconsideration of the defendant's sentencing (Docket #134).

The defendant was convicted after a jury trial of violating Title 18, United States Code, Section 2422(b) (internet use to entice a 14-year old to engage in sexual activity) and Title 18, United States Code, Section 2423(b) (interstate travel to engage in sexual activity with a 14-year old). At sentencing on March 9, 2004, the Court found that the applicable Sentencing Guideline range was 78-97 months (Sentencing Transcript[1], Dkt #109, page 13), and sentenced the defendant to a term of imprisonment of 81 months (ST, pp. 38-39).

---

[1] Hereinafter **ST** (Sentencing Transcript)

On appeal, the case was affirmed but was remanded for resentencing pursuant to United States v. Booker, 125 S.Ct. 738 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Pursuant to the Second Circuit's mandate, the matter is now before the Court in order to allow the Court to "reconsider" the sentence pursuant to the decision in Crosby.

In Crosby, the Court of Appeals noted that such remands do not automatically require a resentencing, instead:

> ...we conclude that the further sentencing proceedings generally appropriate for pre-Booker-Fanfan sentences pending on direct review will be a remand to the District Court, not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so to resentence.

Crosby at 117.

As this Court is well aware, the new sentencing "regime" refers to the Booker decision in which the Supreme Court determined that the Sentencing Guidelines are no longer mandatory but merely "advisory" to a sentencing court.

## ORIGINAL SENTENCING

On March 9, 2004, after several preliminary proceedings, this Court sentenced the defendant to 81 months incarceration, as set out above. Prior to that sentence, there had been several motions

2

brought by defense counsel including specific arguments relative to the applicability of various guidelines. Specifically this court found that certain guidelines applied:

> 1. Base offense level USSG §2A3.2(a)(1)(B)(ii), that is, the base offense level for offenses involving the attempted criminal sexual abuse of a minor under the age of 16 requires a base offense level of 24. (ST, pp. 6-7 and 12).
>
> 2. Specific offense characteristic USSG §2A3.2(b)(2)(A)(I), a two-level increase, that is the defendant knowingly misrepresented his age in order to persuade or entice the victim to engage in prohibitive sexual contact. (ST, pp. 7-8 and 12-13).
>
> 3. Specific offense characteristic USSG §2A3.2(b)(3)(A), a two-level increase, that is the defendant used the internet as part of his attempt to have the victim engage in sexual activity with him. (ST, pp. 10-11 and 13)

At the sentencing, this Court observed that it was "very familiar with this case, going to trial" having had "an opportunity to consider all the factors here." ST, p. 38. With that in mind, this Court then outlined its reasons for the sentence:

> I find the U.S. Sentencing Commissions has appropriately considered the seriousness of the offense for which he [the defendant] has been convicted and has computed a Sentencing Guideline to serve the overall objective of punishment, general deterrence, incapacitation and rehabilitation.

ST, p. 44.

The Court then went on to note that the victim was a 14-year old, that the defendant had used the internet and engaged in sexually

3

explicit conversations with the victim on a daily basis for over two months and that the defendant ultimately convinced the minor to meet with him after he traveled to Cheektowaga. The Court ruled that the evidence clearly revealed that the defendant knew he was dealing with a 14-year old, the defendant then being 41 years old. (ST, p. 45).

## SUMMARY OF ARGUMENT

It is submitted that based upon the Court's carefully-considered sentence of the defendant to the lower end of the sentencing range, the Court properly considered all of the factors set out in Title 18, United States Code, Section 3553(a). This Court thoroughly discussed and analyzed the nature and circumstance of the offense and the characteristics of the defendant; the seriousness of the offense regarding the 14-year old; that the sentence provided a just punishment for the offense; that the sentence afforded adequate deterrence; and that the sentence would protect the public from further crimes by the defendant. In fact as noted above, the Court specifically noted those factors in setting out its reasons for the sentence (ST, p. 44) and also acknowledged its close familiarity to the facts of the case.

Based upon the Court's own reasoning at the time of the original sentence and notwithstanding the Court's then-belief that

4

the Guidelines were mandatory, this Court clearly indicated that the sentence was appropriate for the conduct undertaken by the defendant. Furthermore, the Court had before it all of the facts and information regarding the defendant's character and background by virtue of the very thorough Presentence Investigation Report submitted to it by the U.S. Department of Probation. Pursuant to the Supreme Court decision in Booker, the government submits that the sentence of the defendant to the lower end of the applicable Sentencing Guideline Range was most reasonable and accordingly the government urges the Court not to resentence the defendant.

**DEFENSE MOTION**

In his motions, the defendant seeks resentencing based upon three areas:

    a) The defendant's lack of a criminal history;

    b) Disparate treatment of offenders in the state system; and

    c) The defendant's post-sentencing conduct.

The defense argument that because the defendant has no prior criminal history the Court should consider a sentence below the criminal history category of I is nonsensical. This Court would have to reject the entire Sentencing Guideline structure in order to consider the argument being posed by defense counsel. Quite simply, the defendant's lack of a criminal history has already been

5

considered by the Guidelines and the defendant's criminal history category was properly calculated at I.

The defendant also argues that this Court should alter its sentence of the defendant based upon the disparity between the conviction in Federal Court and purportedly related statutes in New York State. In support of same, the defendant cites New York State Penal Law Section 130.55, sexual abuse in the third degree. The defendant notes that this is a "Class B Misdemeanor" for which the sentence could only be a maximum sentence of three months. In its sentencing motion at p. 7, the defendant sets out the requirements of § 130.55 and perhaps the most significant feature of that statute is that it contemplates sexual abuse of a victim when the victim and the defendant are within five years of age of each other and the victim is still an adolescent. The facts are clearly not the same here - the defendant being 41 years old when he undertook the predatory actions toward the 14 year old victim.

Congress specifically found that a person who crosses state lines to engage in sexual activity with a minor and/or who uses the internet to entice a minor to engage in sexual activity should be subject to punishment up to 15 years in jail.[2] Since this

---

[2]The defendant's criminal conduct occurred in January 2002. Since that time Congress has revised the sentence for the same type of criminal conduct requiring that a conviction would

6

situation involves a <u>federal</u> crime wherein the 41 year old defendant traveled interstate and used interstate communications in order to engage in sexual conduct with a 14-year old victim, the congressional intent under both the sentencing scheme existent in 2002 and the upwardly revised sentencing scheme now in place, clearly impels this Court to impose a substantial sentence on the defendant. Not only is the sexual conduct prohibited but the efforts and the traveling undertaken by the defendant clearly aggravate the crimes. In short there is no disparity, as the United States Congress has most definitively mandated that these events be dealt with severely by the courts.

Finally the defendant argues that because the defendant claims to have "behaved" while in federal custody, that his sentence should somehow be reduced. Once again, returning to Title 18, United States Code, Section 3553 and this Court's prior findings at the time of sentence, the government submits that the defendant's post-sentence conduct is irrelevant.

## DEFENDANT'S OBJECTIONS TO FACTS NOT PLED/PROVEN.

At pp. 8-9 of the Motion, the defendant summarily claims that this Court sentenced the defendant based upon facts not pled nor

---

require a minimum sentence of 5 years incarceration and a maximum possible sentence of 30 years in jail.

proven during the course of trial. The defendant provides no specifics as to the claim that this Court considered facts not pled nor proven, but instead makes a general allegation and concludes that the offense level would be 21.

In reviewing the Sentencing Transcript (Docket #109), the government can find nothing in those proceedings which indicate this Court relied upon facts not pled nor proven. Instead it is very clear that the Court made specific findings based upon evidence regarding the Sentencing Guidelines which the Court ultimately applied. (ST, pp. 6-13). The government submits that the defendant's objection is without merit and should be summarily dismissed by the Court.

## CONCLUSION

The government submits that this Court at the time of the original sentence in March 2004, carefully considered all of the factors set out at Title 18, United States Code, Section 3553(a) and utilized the United States Sentencing Guidelines to assist this Court in fashioning an appropriate and reasonable sentence. Under the Guideline calculations determined by the Court (ST, p. 13), the defendant faced a possible sentence of 78 to 97 months. When the Court exercised its then-more limited sentencing discretion by sentencing the defendant to 81 months, the Court neither chose the lowest end of the range (which would have indicated a possible

desire to go lower) nor the highest end of the range (which would have indicated a possible desire to go higher). Thus the Court indicated that the offense conduct was very serious but still sentenced the defendant above the minimum, yet below the maximum. The Court chose the sentence for all the reasons set out in the record.

The government submits that in reviewing the factors set out at Title 18, United States Code, Section 3553(a), the sentence previously imposed was reasonable for the following reasons, most of which the Court specifically addressed at the original sentence (ST, pp.14-17):

> 1. The <u>nature and circumstance of the offense</u> is that a 41-year old man undertook a carefully orchestrated plan of enticement toward the 14-year old victim in order to attempt to engage her in sexual activity; he traveled in interstate commerce from New Jersey to Buffalo to achieve those ends; he revealed his sexual intent not only in the internet communications but also by virtue of the photographs he took of himself just hours before his meeting with the victim; he further showed his sexual intent by virtue of the very nature of the contact he was engaged in when discovered by the security guard at the mall.
>
> 2. The <u>history and characteristics of the defendant</u> reveal an individual with no prior criminal history; the defendant has received full credit for that by virtue of his Criminal History Category being set at I; however there was clear evidence before the Court that this incident involving the victim was not isolated; although acquitted at trial, this

Court could well consider the fact that the defendant had attempted to entice another teenager from the Buffalo area at which time he made the same claims of "love" as he did to the victim for which he was convicted. While this Court did not make any findings in the previous sentence regarding the defendant's acquitted conduct, the Court - in considering the history and characteristics of the defendant - may generally consider the acquitted conduct as part of its overall analysis. See United States v. Watts, 519 U.S. 148; United States v. Duncan, 400 F.3d 1297, 1305 (11th Cir. 2005); United States v. Agostini, 365 F.Supp. 2d 530 (S.D.N.Y. 2005); and United States v. Ferby, _____ F.Supp. 2d _____ (2005) W.D.N.Y., 00 Cr.-53-A.

3. The sentence of 81 months clearly reflects the seriousness of the offense especially since Congress has now included a mandatory minimum for such offenses committed after 2002.

4. The 81 months imprisonment clearly promotes a respect for the law and it provides for a just punishment for the offense. This is not an isolated incident where the defendant on impulse engaged in conduct which he otherwise would not have been involved; rather, the evidence was unequivocal that the defendant preyed upon the victim for over two months before she ultimately succumbed and agreed to meet him - - all of which resulted in the sexual conduct for which the defendant was caught by the security guard. Furthermore as noted above, this is not an incident between two young people who exercised poor judgment but rather a 41-year old male who aggressively pursued the 14-year old victim for an extended period of time.

5. The 81 month sentence clearly affords an adequate deterrence to such criminal conduct; any lesser sentence under the advisory Guidelines would send a message to other potential predators that if one engages in a prolonged period of conduct seeking to entice

a child into sexual activity that the courts would look leniently upon such conduct. Both the advisory Guidelines and the new statutory mandate indicate that a more severe sentence is appropriate in order to successfully deter such criminal conduct.

6. The 81 months incarceration also <u>protects the public</u> from further crimes by this defendant. It is submitted that both during the course of trial and in the various sentencing proceedings, the defendant showed little insight into the criminal conduct which he had undertaken and that accordingly the period of incarceration is needed in order to protect the public from further conduct by this defendant (see especially, ST, p.17).

7. Finally the 81 months incarceration provides the defendant with <u>needed education and/or other corrective assistance</u>. As argued by the defendant and apparently conceded in their Sentencing Motion, the defendant is apparently benefitting from his incarceration by virtue of his being a "model prisoner". (Defense Sentencing Motion, p. 8). While the defendant argues that this is a basis for reducing the defendant's sentence, the government submits that pursuant to Section 3553(a)(1)(B), the defendant's 81 month incarceration affords the defendant the opportunity to get the type of corrective training and assistance contemplated under that factor.

Accordingly, it is respectfully submitted that the Court reaffirm its original sentence and not resentence the defendant and nor in any way reduce, nor alter the sentence previously imposed.

DATED: Buffalo, New York, November 16, 2005.

    Respectfully submitted,

    KATHLEEN M. MEHLTRETTER
    Acting United States Attorney

BY:  S/ MARTIN J. LITTLEFIELD
    Assistant United States Attorney
    United States Attorney's Office
    Western District of New York
    138 Delaware Avenue
    Buffalo, New York 14202
    (716) 843-5700 ext. 829
    Martin.littlefield@usdoj.gov

TO: Kimberly Schechter, AFPD

    U.S. Probation Office
    Attn: Kathleen Horvatits, U.S.P.O.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

02-CR-048-A

MARK FRIEDMAN,

Defendant.

---

### CERTIFICATE OF SERVICE

I hereby certify that on November 16 , 2005, I electronically filed the foregoing **GOVERNMENT RESPONSE TO DEFENDANT'S RESENTENCING MOTION** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

    Kimberly Schechter, AFPD

I further certify that I provided a copy via inter-office mail to the following participant:

    U.S. Probation Office
    Attn: Kathleen Horvatits, U.S.P.O.

    S/ JOANNE BEALE