UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                               DECISION AND ORDER
        v.                                               02-CR-0048A

MARK FRIEDMAN,

                               Defendant.

_____

On October 1, 2003, the defendant, Mark Friedman, was found guilty following a jury trial of one count of using interstate commerce to attempt to persuade or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of engaging in interstate travel for the purpose of engaging in sexual activity with a minor, in violation of 18 U.S.C. § 4243(b). On March 9, 2004, this Court sentenced the defendant to a term of imprisonment of 81 months on each count, to be served concurrently, followed by three-year term of supervised release.

The defendant appealed his conviction and sentence. On August 16, 2005, the United States Court of Appeals for the Second Circuit issued a mandate affirming the defendant's conviction, but remanding the matter for reconsideration of his sentence in light of United States v. Booker, 543 U.S. 220

1

(2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

On November 4, 2005, the defendant filed his motion for resentencing pursuant to Booker and Crosby. On November 16, 2005, the government filed a response and on December 5, 2005, the defendant filed a reply. The defendant also submitted letters written by himself and an individual named Monique Danford in support of his motion.[1] The matter was deemed submitted without oral argument.

The issue before the Court is "whether a materially different sentence would have been imposed" had the Booker standards been in effect at the time that the defendant was originally sentenced. See United States v. Williams, 399 F.3d 450, 460 (2d Cir. 2005). If the answer to this question is yes, then a resentencing of the defendant is appropriate. However, if the answer is no, then resentencing is not required and the Court need only place on the record its "decision not to resentence, with an appropriate explanation." Crosby, 397 F.3d at 120.

After considering the currently applicable statutory requirements as explicated in Booker and Crosby, along with the written submissions of the parties, the Court denies the defendant's motion for resentencing. Applying the factors set forth in 18 U.S.C. § 3553(a) to the facts and circumstances existing at

---

[1] The Court has considered the defendant's letter but has filed it under seal because the victim is mentioned by name.

2

the time of the original sentence, the Court finds that it would not have imposed a materially different sentence if the Booker regime had been effect at the time of the defendant's original sentencing. The nature and circumstances of the offense and the seriousness of the defendant's conduct support a sentence of 81 months. The defendant communicated via the internet with the then 14-year old victim for several months in an effort to entice her to engage in sexual activity with him. He misrepresented his age to her. He claimed to be only 18 when in fact he was in his late 30s or early 40s. He traveled from New Jersey to Buffalo with the intent of engaging in sexual activity with her. He met her in a public mall and then took her to his car in a secluded area of the mall parking lot where he engaged in sexual contact with her. But for the fact that he was caught in the act by a mall security guard, it is likely that the sexual encounter would have gone much further.

  The defendant asks this Court to reduce his sentence in order to give greater weight to the fact that he had no prior convictions. This factor was given appropriate consideration when the defendant was initially sentenced. Further reduction of the defendant's sentence on this ground is unwarranted.

  Consideration of other factors also supports the sentence imposed. A sentence of 81 months is necessary to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes. To this day, the defendant fails to recognize the

3

import of his actions.  He insists in his letter that he and the victim were "just kissing" and that he never had any intent to have sex with her.  The evidence at trial clearly established otherwise.  He also continues to blame the victim for his actions, suggesting that he did certain things only to "appease her".  It appears to the Court that the defendant still does not recognize the wrongfulness of his conduct.

Accordingly, after reviewing the entire record and the defendant's submissions in support of resentencing, and upon consideration of the factors set forth in § 3553(a), the Court hereby denies the motion for resentencing.

IT IS SO ORDERED.

                                 /s/ Richard J. Arcara
                                 HONORABLE RICHARD J. ARCARA
                                 CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT

DATED: August 22 , 2006